UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BEN WILLIAMS, SR., ET AL

VERSUS

COMMISSIONER OF INTERNAL
REVENUE, ET AL

CIVIL ACTION

NO. 08-522-JJB-CN

**<u>RULING ON DEFENDANT TIGTA'S MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' FREEDOM OF INFORMATION ACT CLAIM</u>**

This matter is before the Court on Defendant TIGTA's motion (doc. 47) for summary judgment. Plaintiffs filed an opposition (doc. 49) to which Defendant filed a reply (doc. 50). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

The following facts are undisputed. From December 2006 to January 2007, the Internal Revenue Service ("IRS") levied over $250,000 of Plaintiffs', Ben Williams, Sr. and Diana J. Williams, assets in order to satisfy allegedly outstanding tax liabilities (doc. 30, ex. A). On May 2, 2008, Plaintiffs requested documentation from the Office of the Treasury Inspector General for Tax Administration ("TIGTA") in order to challenge the levy (doc. 47, Frye Decl. ¶ 3). On June 30, 2008, TIGTA sent Plaintiffs some of the responsive documents, but informed Plaintiff that it would not supply others, claiming that the documents were subject to an exemption under the Freedom of Information Act ("FOIA") (doc. 47, ex. B).

1

On August 18, 2008, Plaintiffs filed their complaint (doc. 1) against Defendant, Commissioner of the IRS, in which Plaintiffs allege that Defendant, among other things[1], refused to provide Plaintiffs with documentation necessary to establish their claims in violation of the Freedom of Information Act ("FOIA") (doc. 41). Plaintiffs thereafter filed an amended complaint (doc. 41) in which it additionally named TIGTA as Defendant.

On October 29, 2010, Defendant TIGTA filed its motion (doc. 47) for summary judgment as to Plaintiffs' FOIA claims. Defendant claims that it (1) conducted an adequate search for responsive documents and provided Plaintiffs with all the documents it was able to locate in his FOIA request; and (2) any documents that it withheld were exempt from production under the FOIA's "law enforcement" exemption (doc. 47).

On November 16, 2010, Plaintiffs filed their opposition (doc. 49). Plaintiffs claim—without addressing the merits of Defendant's motion—that Defendant had no justification for withholding the documents.

A court may grant a motion for summary judgment if the evidence[2] establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. If the movant carries

---

[1] Plaintiffs claim that the IRS wrongfully levied their assets in order to satisfy tax liabilities which Plaintiffs claim to have paid (doc. 1). As relief, Plaintiffs sought (1) refund of the levied assets and (2) damages arising from the wrongful levy (doc 1). On March 4, 2010, the Court granted (doc. 35) Defendant IRS's motion (doc. 30) to dismiss Plaintiffs' refund and wrongful levy claims.

[2] A court may grant summary judgment solely on an agency's affidavits or declarations if they are "sufficiently detailed and submitted in good faith." *Manna v. U.S. Dep't of Justice*, 832 F. Supp. 866, 870 (D.N.J. 1993), *aff'd* 51 F.3d 1158 (3d Cir.), *cert. denied*, 516 U.S. 975 (1995). Moreover, "[a]gency affidavits are generally accorded a 'presumption of legitimacy' unless there is evidence that the agency handled the FOIA request in bad faith." *Batton v. Evers*, 598 F.3d 169, 179 (5th Cir. 2010).

its burden, the non-movant must then demonstrate the existence of a genuine issue of material fact in order to survive the motion for summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Defendant claims that it (1) conducted an adequate search for responsive documents and provided Plaintiff with all the documents it was able to locate in his FOIA request; and (2) any documents it withheld were exempt from production under the FOIA's "law enforcement" exemption (doc. 47). Plaintiffs assert that the documents were improperly withheld, albeit without addressing the merits of Defendant's argument (doc. 49).

Under the FOIA, a court may only enjoin an agency from withholding records, if those records are being withheld *improperly*. *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994). If accused of an FOIA violation, the agency must show that (1) it performed an adequate search for responsive documents; and (2) that it provided the plaintiff with all the requested documents, except those from which the agency was exempted. *Batton*, 598 F.3d at 175-76; *Stanley v. U.S. Dep't of the Treas.*, 2007 WL 2025212, at *3 (N.D. Ind. 2007).

To demonstrate that it performed an adequate search, an agency must show that it used "methods which can be reasonably expected to produce the information requested," and as long as the agency's search was reasonable, its ultimate result is immaterial. *Batton*, 598 F.3d at 175-76. The agency may

3

establish that it performed an adequate search through the use of reasonably detailed, non-conclusory affidavits or declarations made in good faith.  *Id.* at 176.  Generally, the agency's affidavits or declarations are accorded a presumption of good faith.  *Id.* at 179.

The FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of privacy."  5 U.S.C. § 552(b)(7)(C).  TIGTA is the law enforcement agency that oversees the IRS's administration of federal tax law, including allegations of misconduct by IRS employees.  *Stanley*, 2007 WL 2025212, at *3.  Records compiled by TIGTA in response to allegations of misconduct by IRS employees arise from "investigation[s] related to the enforcement of the tax laws, and [such] investigation[s are] part and parcel of TIGTA's *law enforcement* duties.  *Id.*  (emphasis added).

In order to determine whether "the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of privacy," the court must balance the individual's privacy interest in preventing disclosure of personal matters with the public's interest in releasing the materials.  *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989).  An IRS employee who is the subject of a TIGTA investigation "has a legitimate interest in protecting the substance of [the] investigation into his professional conduct."  *Kimmerlin v. Dep't of Justice*, 139

F.3d 944, 949 (D.C. Cir. 1989). Moreover, an investigation into an IRS employee's conduct does not invoke the public interest unless some impropriety on the part of TIGTA in investigating the conduct is alleged. *Stanley*, 2007 WL 2025212, at *5. *See also Reporters Comm.*, 489 U.S. at 773 (stating that the purpose of the FOIA is not advanced by disclosure of information "that reveals little or nothing about an agency's own conduct"). Simply put, a plaintiff's solely personal reasons for requesting agency records to not qualify as a "public interest" in the disclosure. *Reporters Comm.*, 489 U.S. at 772.

The Court finds that there are no genuine issues of material fact. On May 2, 2008, Plaintiff requested documents associated with a complaint he previously filed with TIGTA, but provided an incorrect case number (doc. 47, ex. A; Frye Decl.). TIGTA's Program Analysis Officer, Monica Frye ("Frye"), then conducted a search of TIGTA's Performance and Results Information System which tracks all FOIA complaints submitted to the agency and identified the correct case number (*Id.* ¶ 4). Frye then requested the file for Plaintiff's complaint and received the documents on June 23, 2008 (*Id.* ¶ 7). On June 30, 2008, Frye sent Plaintiff the files associated with his previous complaint—of forty-six total pages, twelve were produced in full, eighteen were produced in part, and sixteen were withheld altogether (*Id.* ¶ 8).

The Court also finds that Defendant is entitled to prevail as a matter of law. First, TIGTA performed an adequate search. TIGTA's agent, Frye, identified, compiled and disclosed to Plaintiff—despite being given an incorrect case

5

number by Plaintiff—all of the documents that were responsive to his request, except those subject to exemption (*Id.* ¶¶ 3-8). Second, the Court determines that the documents withheld by TIGTA were exempt from disclosure. TIGTA is the agency that oversees the IRS's administration of tax law, including investigating allegations of misconduct by IRS employees, which is "part and parcel of [its] law enforcement duties." *Stanley*, 2007 WL 2025212, at *3. The documents requested by Plaintiff regarded his previous complaint to TIGTA about an IRS-employee's misconduct (doc. 47, Wassel Decl. ¶ 7). Therefore, the "records or information" sought by Plaintiff were "compiled for law enforcement purposes." In addition, here, the individual privacy interests outweigh the public's interest in disclosing the documents. As to the documents that were produced in part, TIGTA redacted only the personal information—name, address, social security number, date of birth, etc.—for the IRS agent of which Plaintiff complained (doc. 47, Wassel Decl. ¶ 7(a)). As to the documents that were completely withheld, those documents consist of identifying information for third-parties from whom the agency received information in investigating Plaintiff's complaint (doc. 47, Wassel Decl. ¶ 7(b)). The public has little interest in the requested information, as it does not pertain only to the workings of TIGTA. *Reporters Comm.*, 489 U.S. at 773; *Stanley*, 2007 WL 2025212, at *5.

## **CONCLUSION**

Accordingly, Defendant's motion (doc. 47) for summary judgment as to Plaintiff's Freedom of Information Act claims is hereby GRANTED.

Signed in Baton Rouge, Louisiana, this 3rd day of December, 2010.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**